**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGE REEVES** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | **2:07-CV-439-WHA** |
| **S & C MATERIALS AND PAVING** | ) | |
| **COMPANY, INC.** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**AMENDED COMPLAINT**

## I.    INTRODUCTION

This action is brought to redress employment discrimination and retaliation based on race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1981 and 1981a.

## II.    JURISDICTION

1.    The jurisdiction of this Court is invoked by the plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.  This suit is authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991 and "The Civil Rights Act of 1866," 42 U.S.C. § 1981, and 42 U.S.C. § 1981a.  The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by Title VII,  42 U.S.C. § 1981, and 42 U.S.C. § 1981a providing for injunctive and other relief against racial discrimination and retaliation.

### III.   ADMINISTRATIVE PREREQUISITES

2.      The Plaintiff has met all administrative conditions precedent for filing this case under Title VII.  42 U.S.C. § 1981 has no administrative pre-requisite to filing suit.  Plaintiff filed his EEOC charge against the Defendant within one hundred eighty days (180) of the Defendant's last discriminatory act, thus satisfying Title VII's administrative prerequisites.  Plaintiff timely files this complaint within 90 days of his receipt of his notice of Right- to-Sue.

### IV.   PARTIES

3.      Plaintiff George Reeves (hereinafter "Plaintiff") is a black citizen of the United States and a resident of the State of Alabama.  Plaintiff was employed by the Defendant at its Troy, Alabama location.

4.      Defendant S & C Materials Paving Company (hereinafter "Defendant") is a corporation conducting business in Troy, Alabama.  Defendant has over 15 employees and is thus an entity subject to suit under Title VII.

### V.   STATEMENT OF FACTS

5.      Plaintiff  worked for the Defendant for approximately 26 years in various capacities. At the time of his termination he was a Laborer and a Front End Loader Operator.  During his employment with the Defendant, Plaintiff had also become a skilled operator of other machinery and had mastered several other tasks associated with the Defendant's business.

6.      In December 2005 or January 2006, the Plaintiff complained to Defendant's management that he was being paid less than similarly situated white employees.  Specifically, Plaintiff complained that white employees who were hired after him and with less qualifications were being compensated at a higher rate.  This was not the first time that Plaintiff had raised this

issue with the Defendant as he had complained for years of being paid less than white employees.

7.     In February 2006, the Plaintiff requested a Monday off to take care of a personal matter.  The Defendant granted this request and stated that Plaintiff was to return to work on the following day, Tuesday.  When Plaintiff reported for work on Tuesday, the crew that he usually worked with had already left for the day.  This was unusual as the Plaintiff was not late and no one had called him and told him to report to work early.

8.     Plaintiff returned to work the next day and was told that he was being terminated for job abandonment.  Specifically, the Defendant stated to the Plaintiff, "can't your read between the lines, you're fired."

9.     The Plaintiff was terminated in retaliation for his earlier reporting of/and opposition to race discrimination.

10.    The actions of the Defendant were done with malice and/or reckless disregard for the federally-protected rights of the plaintiff.

11.    As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience and loss of enjoyment of life.

12.    This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. 1981.

## VI.    COUNTS

### RACE DISCRIMINATION AND RETALIATION  IN TITLE VII

13.    Plaintiff restates and incorporates by reference Paragraphs 1-12 above as part of this Count of the Complaint.

14.    The Defendant has discriminated against the Plaintiff on the basis of his race with regards to pay and has retaliated against the Plaintiff for reporting and opposing discrimination in employment in violation of  Title VII of the Civil Rights Act 1964.

15.    The Defendant's conduct has been intentional, deliberate, willful and conducted with disregard of the rights of Plaintiff.

16.    By reason of Defendant's discriminatory employment practices, the Plaintiff has experienced extreme harm, including loss of compensation, wages, back and front pay, compensatory and punitive damages, and other employment benefits, and, as such, is entitled to all legal and equitable remedies available under Title VII of the Civil Rights Act of 1964.

### RACE DISCRIMINATION AND RETALIATION IN VIOLATION 42 U.S.C. § 1981

17.    Plaintiff restates and incorporate by reference Paragraphs 1-16 above as part of this Count of the Complaint.

18.    The Defendant has discriminated against the Plaintiff on the basis of his race with regards to pay and has retaliated against the Plaintiff for reporting and opposing discrimination in employment in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1981a.

19.    The Defendant's conduct has been intentional, deliberate, willful and conducted with disregard of the rights of Plaintiff.

20.    By reason of Defendant's discriminatory employment practices, the Plaintiff has experienced extreme harm, including loss of compensation, wages, back and front pay, compensatory and punitive damages, and other employment benefits, and, as such, is entitled to all legal and equitable remedies available under 42 U.S.C. § 1981 and 42 U.S.C. § 1981a.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Grant the Plaintiff a declaratory judgment holding that the actions of the Defendant as described herein above violated and continue to violate the rights of the plaintiffs as secured by Title VII and 42 U.S.C. § 1981.

2.    Grant the Plaintiff a permanent injunction enjoining the Defendant , their agents, successors, employees, attorneys and those acting in concert with the Defendant and on the Defendant's behalf from continuing to violate Title VII and 42 U.S.C. § 1981.

3.    Issue an injunction ordering the Defendant not to engage in race discrimination and retaliation.

4.    Grant the Plaintiff an order requiring the Defendant to make the plaintiff whole by awarding plaintiff back pay (plus interest), compensatory, punitive, liquidated, and/or nominal damages.

5.    The Plaintiff  further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

Respectfully Submitted,

/s/Roderick T. Cooks
Roderick T. Cooks
Attorney for Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel:  (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com